UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

HERMAN'S WORLD OF SPORTS, INC.,
THOMAS J. DZWILEWSKI,
MICHAEL EISEMANN, and LOUIS
MONTAINO,

Defendants.

05 Civ No. 438 (ILG) (RLM)

# FINAL CONSENT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT LOUIS MONTAINO

Plaintiff Securities and Exchange Commission ("Commission"), having filed a complaint ("Complaint") on January 26, 2005, charging that defendant Louis Montaino ("Defendant") violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a), 77e(c), and 77q(a)] and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78(a) and 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. [§240.10b-5], and Defendant, having executed the Consent of Louis Montaino ("Consent") annexed hereto and incorporated herein, having waived service of the summons and Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over him and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, having consented to the entry of

this Final Consent Judgment as to Defendant Louis Montaino ("Final Consent Judgment") without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Montaino and Montaino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Consent Judgment by personal service or otherwise are permanently enjoined and restrained from violating, directly or indirectly, Section 5(a) of the Securities Act [15 U.S.C. § 77e] by using any means or instruments of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Montaino and Montaino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Consent Judgment by personal service or otherwise are permanently enjoined and restrained from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], by using any means or instruments of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme or artifice to defraud;

(b) to obtain money or property by means of an untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Montaino and Montaino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Consent Judgment by personal service or otherwise are permanently enjoined and restrained from violating, directly or

indirectly, Sections 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant be and hereby is permanently enjoined and restrained from, directly or indirectly, singly or in concert, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, other than an exempted security or commercial paper, bankers' acceptances, or commercial bills, in violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 77o(a)(1)].

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant be and hereby is permanently prohibited, pursuant to Section 21(d)(6)(A) of the Exchange Act, [15 U.S.C. § 78u(d) (amended at Pub. L. No. 107-204, § 603)], from directly or indirectly, singly or in concert, participating in an offering of penny stock, including engaging in activities with a

broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 of the Exchange Act [17 C.F.R. § 240.3a51-1].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall disgorge $62,500.00 in gains that Defendant received as a result of the conduct alleged in the Complaint and pre-judgment interest thereon of $3,677.12, and shall pay a civil penalty in the amount of $37,500.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)], for a total of $103,677.12 (collectively, "Montaino Monetary Judgment"). The Montaino Monetary Judgment shall be paid in full and the Commission may pursue all available remedies to collect the Montaino Monetary Judgment upon entry of this Final Consent Judgment by the Clerk of Court. Payments made towards satisfying the Montaino Monetary Liability should be directed to the "Clerk of Court – Eastern District of New York" at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, under cover of a letter that identifies: the Defendant; the name and civil action number of this litigation; the name of this Court; and specifying that payment is made pursuant to this Final Consent Judgment. Simultaneously with payments made towards satisfying the Montaino Monetary Liability, copies of the cashier's check, certified check, or postal money order, front and back, as well as any accompanying correspondence, shall be transmitted to David Markowitz, Assistant Regional Director, United States Securities and Exchange Commission, 3 World Financial Center, Room 4300 Broadway, New York, New York 10281. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Consent Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action (as defined below) based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset,

6

Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Consent Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Consent Judgment shall be binding upon Montaino and Montaino's agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Consent Judgment by personal service or otherwise.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent are incorporated in this Final Consent Judgment with the same force and effect as if fully set forth herein and that Montaino shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Consent Judgment.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Consent Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## CONSENT OF LOUIS MONTAINO

1. Defendant Louis Montaino ("Montaino"), being fully apprised of his rights, having read and understood the terms of the annexed Final Consent Judgment as to Defendant Louis Montaino ("Final Consent Judgment"), acknowledges having been served with the complaint in this action, enters a general appearance, and appears and admits the jurisdiction of this Court over him and over the subject matter of this action.

2. Without admitting or denying the allegations of Complaint (except as to personal and subject matter jurisdiction, which Montaino admits), Montaino hereby consents to the entry of the Final Consent Judgment, which among other things:

   (a) permanently restrains and enjoins Montaino from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a), 77e(c), and 77q(a)], and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78(a) and 78j(b)], and Rule 10b-5 [17 C.F.R. §§240.10b-5] thereunder;

   (b) permanently restrains and enjoins Montaino from participating in an offering of a penny stock pursuant to Section 21(d)(6)(A) of the Exchange Act, 15 U.S.C. § 78u(d) (amended at Pub. L. No. 107-204, § 603);

   (c) orders Defendant to pay disgorgement in the amount of $62,500.00, plus pre-judgment interest thereon in the amount of $3,677.12; and

   (c) orders Defendant to pay a civil penalty in the amount of $37,500.00 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the

Exchange Act.

3. Montaino acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Montaino agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action (as defined below) based on Montaino's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Montaino's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Montaino by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Montaino agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Montaino pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Montaino pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Montaino agrees that this Consent of Louis Montaino ("Consent") shall be incorporated by reference in, and made part of, the Final Consent Judgment to be presented to the Court for signature, filing, and entry contemporaneously herewith and shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

6. Montaino waives the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

7. Montaino acknowledges that any willful violation of any of the terms of the Final Consent Judgment may place him in contempt of this Court and subject him to civil or criminal sanctions.

8. Montaino admits that he enters into this Consent voluntarily, represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent, and that this Consent and the Final Consent Judgment embody the entire understanding between himself and plaintiff Securities and Exchange Commission ("Commission").

9. Consistent with 17 C.F.R. 202.5(f), Montaino acknowledges and agrees that this proceeding, and his consent to the entry of the Final Consent Judgment, are for the purposes of

resolving this civil action only, and that no tender, offer, promise, threat, or representation of any kind has been made by the Commission or any member, officer, attorney, agent, or representative thereof with regard to: (a) this civil action, that is not explicitly stated in this Consent and the Final Consent Judgment; (b) any administrative proceeding brought or to be brought before the Commission involving the Final Consent Judgment or the facts underlying this action; (c) any other Commission civil action or administrative proceeding not involving the facts underlying this action; (d) any administrative, civil, or criminal liability arising from the facts underlying this action in any action or proceeding brought or to be brought by any third party, other agency or criminal authority; or (e) immunity from any such administrative, civil, or criminal action or proceeding.

10. Montaino acknowledges that he has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

11. Montaino waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Montaino further acknowledges that that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Montaino understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12. Montaino understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Montaino agrees: (a) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, Montaino hereby withdraws any papers filed in this action to the extent that they deny any allegations contained in the Complaint. If Montaino breaches this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to the Court's active docket. Nothing in this provision affects Montaino's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

13. Montaino agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Consent Judgment and for all other purposes.

14. Montaino hereby consents and agrees that the annexed Final Consent Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

15. Montaino will not oppose enforcement of the Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon.

16. Montaino waives service of the Final Consent Judgment and agrees that entry of the Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Montaino of its terms and conditions.

17. Montaino hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Montaino to defend against this action. For these purposes, Montaino agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

18. Montaino waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

19. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Montaino: (a) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (b) will accept service by mail or facsimile transmission of notices or subpoenas for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (c) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the

Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Montaino's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (d) consents to personal jurisdiction in any United States District Court for purposes of enforcing any such subpoena.

20. Montaino agrees that first-class and certified mail to Montaino's attorney in this action, Vincent Lentini, Esq., 600 Old Country Road, Suite 202, Garden City, NY 11530, or any other attorney entering an appearance for Montaino in this action, shall be deemed personal service for all correspondence, service and notices as to any matters related to the Final Consent Judgment, unless Montaino notifies the Commission of

any alternative address by certified mail at the following address: David Markowitz, Assistant Regional Director, U.S. Securities and Exchange Commission, Northeast Regional Office, 3 World Financial Center, Room 4300, New York, NY 10281.

Dated: July 12, 2005

_____
Louis Montaino

Acknowledged by:

STATE OF California )
                    ) ss.:
COUNTY OF Orange )

On this 12th day of July, 2005, Louis Montaino a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
NOTARY PUBLIC

ALLYSON CHANT
Commission # 1353248
Notary Public — California
Los Angeles County
My Comm. Expires Apr 23, 2006

**SO ORDERED.**

Dated: 7-14, 2005
Brooklyn, New York